HOWARD A. BAGLEY and SYLVIA G. BAGLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bagley v. Commissioner
Docket No. 6188-72
United States Tax Court
T.C. Memo 1973-213; 1973 Tax Ct. Memo LEXIS 74; 32 T.C.M. (CCH) 993; T.C.M. (RIA) 73213; September 25, 1973, Filed *74 Howard A. Bagley, pro se. Wayne Smith, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $1,193.28 deficiency in petitioners' 1969 Federal income tax. The only issue for decision [1] is whether the limitations of section 214 [2] in respect of deductions for child care expenses violate petitioner-wife's rights under the fifth amendment to the Constitution. 2 All the facts have been stipulated and are found accordingly. Petitioners, husband and wife, were residents of Phoenix, Arizona when they filed their petition herein. They filed their joint 1969 Federal income tax return with the Western Region Service Center, Ogden, Utah. In 1969 petitioner-husband *75 spent, out of his gross income of $15,009.22, the amount of $5,720.00 for required alimony and child support, [3] and $2,683.90 for state and federal withheld taxes. Thus, his spendable take home pay for 1969 was $6,605.32. The minimum total living expenses in 1969 for petitioners' family of four was $8,630. [4] 3 In order to augment the family's income, petitioner-wife was employed as a social worker, earning a salary of $8,956.16 in 1969. State and federal withheld taxes amounted to $1,956.14, leaving her with a take home pay of $7,000.02. Petitioners' total adjusted gross income for 1969 was $23,965.38. On *76 their 1969 joint Federal income tax return they claimed a $2,340 child care deduction. [5] *77 Respondent disallowed the deduction in full. These very questions were considered carefully and extensively in Michael P. Nammack, 56 T.C. 1379 (1971), affirmed per curiam 459 F.2d 1045 (C.A. 2, 1972), certiorari denied 409 U.S. 991 (1972). For the reasons stated in Nammack, respondent's disallowance of petitioners' entire child care deduction is sustained. Decision will be entered under Rule 50. Footnotes
1. In his original deficiency notice, respondent denied (a) all three dependency exemptions claimed by petitioners for petitioner-husband's three daughters, and (b) a $100 deduction claimed by petitioners as a casualty loss. However, respondent has now conceded that petitioners are in fact entitled to these three dependency exemptions. In turn, petitioners have conceded the invalidity of their claimed casualty deduction. ↩
2. All section references are to the Internal Revenue Code of 1954, as in effect during 1969. ↩
3. The portion that represents alimony ($1,040) was deducted on the 1969 return. ↩
4. This amount is broken down as follows: Food $45 x 52 weeks
$2,340.00
Car Payments $75 x 12 months
900.00
Car Upkeep, gas & oil $35 x 12 mos.
420.00
Car Insurance
300.00
Housing $260 x 12 months
3,120.00
Heat and Electricity
420.00
Medical Insurance
150.00
Life Insurance
200.00
Clothing
600.00
Telephone
180.00
Total Minimum Living Expenses
$8,630.00
Moreover, petitioners note that this does not include retirement, savings, entertainment, furniture, contributions, education, auto repairs, and miscellaneous expenses. ↩
5. Although only this amount was claimed as a deduction on the 1969 return, petitioners maintain that the total expenses incurred to produce petitioner-wife's income was $4,085.00, as follows: Child care for 2 children
$2,340.00
Additional lunch expense
360.00
Increased clothing expense
240.00
Second car payment $45 x 12 months
540.00
Increased insurance second car
150.00
Upkeep, gas and oil second car
420.00
Association dues
35.00
Total
$4,085.00
The question to be decided is whether petitioners are entitled to deduct in 1969 the $2,340 claimed as a child care expense under section 214. Clearly they do not meet the requirements of section 214, as in effect for 1969, Section 214 was amended by Pub. L. 92-178, §210 (Dec. 10, 1971). [6] in 4 two respects: the maximum deduction allowable is $900 (section 214(b) (1) (B)); and said $900 is reduced dollar for dollar for each dollar of adjusted gross income in excess of $6,000 (section 214(b) (2) (B)). But, petitioners contend, section 214(b) violates the fifth amendment to the United States Constitution, and the total child care expense of $2,340 is allowable either under section 214(a) as a child care expense or under section 162 as an ordinary and necessary business expense.